also answer the second inquiry in the affirmative.

Mr. Davis argues that the Court of Federal Claims erred in dismissing his claims because he sued federal employees in their individual capacity in the Western District of Louisiana, but sued the government in the Court of Federal Claims. We disagree. As the Supreme Court recognized, "[t]he [Court of Federal Claims] bar applies even where the other action is not against the Government but instead against a 'person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.'" *Tohono O'Odham Nation,* 563 U.S. at 312, 131 S.Ct. 1723. Here, all of the allegations that Mr. Davis makes with respect to the four individuals he sued (Messrs. Beyerhelm, Cooper, Smith, and Dooley) relate to actions that were performed in their capacity as government officials. *See, e.g.,* J.A. 9–11, 17–21 (Complaint ¶¶ 30–33, 35, 39, 41, 69, 73–75). For example, Mr. Davis alleges that Mr. Dooley elected to not grant his subordination, but instead referred his application to Mr. Smith. J.A. 9 (Complaint ¶ 30). Thus, Mr. Davis's Court of Federal Claims suit is against individuals who were "acting or professing to act ... under the authority of the United States." Section 1500 applies.

Mr. Davis also complains that the Court of Federal Claims failed to consider the Tucker Act. This is not true. The Court of Federal Claims acknowledged the Tucker Act in its opinion, but then concluded that its jurisdiction was nevertheless barred under § 1500. J.A. 103–07.

We have carefully considered the remainder of Mr. Davis's arguments and have determined that they lack merit. For the foregoing reasons, we affirm the Court of Federal Claims' decision that its jurisdiction was barred under § 1500. Because we can affirm the Court of Federal Claims' dismissal on these grounds, we need not reach the remaining issues discussed in its decision, including its dismissals under RCFC 12(b)(1) and 12(b)(6).

**AFFIRMED**

**RIPARIUS VENTURES LLC, Appellant**

v.

**CISCO SYSTEMS, INC., Skype Technologies SA, RTX Telecom A/S, Appellees.**

**No. 2015–1675.**

United States Court of Appeals, Federal Circuit.

March 15, 2016.

Joseph N. Hosteny III, Niro, Haller & Niro, Chicago, IL, for appellant. Also represented by Arthur A. Gasey.

Theodore M. Foster, Haynes & Boone, LLP, Dallas, TX, argued for all appellees. Appellee Cisco Systems, Inc. also represented by David L. McCombs, Debra Janece McComas.

Jason Steven Shull, Banner & Witcoff, Ltd., Chicago, IL, for appellees Skype

Technologies SA, RTX Telecom A/S. Also represented by Shawn P. Gorman, Timothy Colin Meece; Bradley Charles Wright, Washington, DC.

REYNA, WALLACH, and STOLL, Circuit Judges.

PER CURIAM.

THIS CAUSE having been heard and considered, it is ORDERED AND ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

sented by David L. McCombs, Debra Janece McComas.

Jason Steven Shull, Banner & Witcoff, Ltd., Chicago, IL, for appellees Skype Technologies SA, RTX Telecom A/S. Also represented by Shawn P. Gorman, Timothy Colin Meece; Bradley Charles Wright, Washington, DC.

REYNA, WALLACH, and STOLL, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

## RIPARIUS VENTURES LLC, Appellant

v.

## CISCO SYSTEMS, INC., Skype Technologies SA, RTX Telecom A/S, Appellees.

No. 2015–1757.

United States Court of Appeals, Federal Circuit.

March 15, 2016.

Joseph N. Hosteny III, Niro, Haller & Niro, Chicago, IL, for appellant. Also represented by Arthur A. Gasey.

Theodore M. Foster, Haynes & Boone, LLP, Dallas, TX, argued for all appellees. Appellee Cisco Systems, Inc. also represented.

## BAKER HUGHES, INC., Appellant

v.

## NALCO COMPANY, Appellee.

No. 2015–1895.

United States Court of Appeals, Federal Circuit.

March 15, 2016.

Christopher Aaron Shield, Bracewell & Giuliani, LLP, Houston, TX, argued for appellant. Also represented by Jonathan R. Spivey.